Glenn A. Montgomery, Esq.
MONTGOMERY, CHAPIN & FETTEN, P.C.
745 Route 202/206
Suite 101
Bridgewater, New Jersey 08807
(908) 203-8833
(Attorneys for defendants, Andrew Maxx Installation, a/t/a
Andrew Maxx Construction Company, Inc.)
   Our file No. EI 20,531 USD-2           **ELECTRONICALLY FILED**

# UNITED STATES DISTRICT COURT
## for the District of New Jersey

| | |
|---|---|
| PETER DOUGLAS and GINGER DOUGLAS, husband and wife,<br><br>        Plaintiffs,<br>vs.<br><br>SBLM ARCHITECTS, HUNTER ROBERTS CONSTRUCTION GROUP, CAMBRIDGE ARCHITECTURAL, MODERN ELECTRIC COMPANY, THE HOME DEPOT, DLB ASSOCIATES CONSULTING ENGINEERS; ANDREW MAXX INSTALLATION; a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC.; JOHN DOES; JANE DOES, ABC CORP. 1-5 and XYZ CORP 1-5 (fictitious names/entities); JOHN DOES, JANE DOES, ABC CORP 6-10 and XYZ CORP 6-10 (fictitious names/entities),<br><br>        Defendants. | Case No. 2:15-cv-06436-JMV-JBC<br><br>ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSSCLAIM, JURY DEMAND, DEMAND FOR DAMAGES, and DESIGNATION OF TRIAL COUNSEL. |

The defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., hereby responds to the Second Amended Complaint filed

1

by the plaintiffs, PETER DOUGLAS and GINGER DOUGLAS, husband and wife, as follows:

## PARTIES

1. Insufficient knowledge to admit or deny.

2. Insufficient knowledge to admit or deny.

3. Insufficient knowledge to admit or deny.

4. Insufficient knowledge to admit or deny.

5. Insufficient knowledge to admit or deny.

6. Insufficient knowledge to admit or deny.

7. Insufficient knowledge to admit or deny.

8. It is admitted that the defendant has offices in Westerville, Ohio. The remainder of the paragraph is denied, and plaintiff is left to plaintiff's proofs.

9. Insufficient knowledge to admit or deny.

## FACTS COMMON TO EACH COUNT

10. Insufficient knowledge to admit or deny.

11. Insufficient knowledge to admit or deny.

12. Denied.

## FIRST COUNT

## SBLM ARCHITECTS

13. This defendant repeats its answer to paragraphs 1 through 12 as though fully set forth herein.

14. Insufficient knowledge to admit or deny.

15. Insufficient knowledge to admit or deny.

16. Insufficient knowledge to admit or deny.

## SECOND COUNT

## HUNTER ROBERTS CONSTRUCTION GROUP

17. This defendant repeats its answer to paragraphs 1 through 16 as though fully set forth herein.

18. Insufficient knowledge to admit or deny.

19. Insufficient knowledge to admit or deny.

20. Insufficient knowledge to admit or deny.

21. Insufficient knowledge to admit or deny.

## THIRD COUNT

## CAMBRIDGE ARCHITECTURAL GROUP

22. This defendant repeats its answer to paragraphs 1 through 21 as though fully set forth herein.

23. Insufficient knowledge to admit or deny.

24. Insufficient knowledge to admit or deny.

25. Insufficient knowledge to admit or deny.

26. Insufficient knowledge to admit or deny.

## FOURTH COUNT

## MODERN ELECTRIC COMPANY

27. This defendant repeats its answer to paragraphs 1 through 26 as though fully set

forth herein.

28. Insufficient knowledge to admit or deny.

29. Insufficient knowledge to admit or deny.

30. Insufficient knowledge to admit or deny.

31. Insufficient knowledge to admit or deny.

## FIFTH COUNT

## THE HOME DEPOT

32. This defendant repeats its answer to paragraphs 1 through 31 as though fully set forth herein.

33. Insufficient knowledge to admit or deny.

34. Insufficient knowledge to admit or deny.

35. Insufficient knowledge to admit or deny.

36. Insufficient knowledge to admit or deny.

37. Insufficient knowledge to admit or deny.

38. Insufficient knowledge to admit or deny.

39. Insufficient knowledge to admit or deny.

40. Insufficient knowledge to admit or deny.

41. Insufficient knowledge to admit or deny.

42. Insufficient knowledge to admit or deny.

## SIXTH COUNT

## THE HOME DEPOT

43. This defendant repeats its answer to paragraphs 1 through 42 as though fully set

forth herein.

44. Insufficient knowledge to admit or deny.

45. Insufficient knowledge to admit or deny.

46. Insufficient knowledge to admit or deny.

## SEVENTH COUNT

## ANDREW MAXX INSTALLATION a/t/a

## ANDREW MAXX CONSTRUCTION COMPANY, INC.

47. This defendant repeats its answer to paragraphs 1 through 46 as though fully set forth herein.

48. It is admitted only that the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., had an agreement with HOME DEPOT. The remainder of the allegation is denied.

49. Denied.

## EIGHTH COUNT

## JOHN DOES, JANE DOES, ABC CORP 1-5 and XYZ CORP 1-5

## (fictitious names/entities)

50. This defendant repeats its answer to paragraphs 1 through 49 as though fully set forth herein.

51. Insufficient knowledge to admit or deny.

52. Insufficient knowledge to admit or deny.

53. Insufficient knowledge to admit or deny.

## SEVENTH COUNT

### JOHN DOES, JANE DOES, ABC CORP 6-10 and XYZ CORP 6-10

### (fictitious names/entities)

54. This defendant repeats its answer to paragraphs 1 through 53 as though fully set forth herein.

55. Insufficient knowledge to admit or deny.

56. Insufficient knowledge to admit or deny.

57. Insufficient knowledge to admit or deny.

## EIGHTH COUNT

### (loss of consortium)

58. This defendant repeats its answer to paragraphs 1 through 57 as though fully set forth herein.

59. Denied.

WHEREFORE, defendant demands Judgment dismissing the Complaint as filed against it, together with interest, costs, and counsel fees.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The plaintiffs were contributorily and/or comparatively negligent and, therefore, the injuries,

losses, and damages of the plaintiffs, if any, are limited by the New Jersey Comparative Negligence Act.

### THIRD SEPARATE DEFENSE

The plaintiffs' claims may be barred in whole, or in part, by the applicable statute of limitations or statute of repose.

### FOURTH SEPARATE DEFENSE

The plaintiffs' Second Amended Complaint is barred, inasmuch as the plaintiffs assumed the risk of their activities and/or the risk of a known danger.

### FIFTH SEPARATE DEFENSE

Any conduct allegedly causing liability on the part of the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., was not a substantial cause of the subject incident or plaintiffs' alleged injuries, damages, or losses.

### SIXTH SEPARATE DEFENSE

The injuries, damages, and/or losses allegedly sustained by the plaintiffs were caused entirely by, or contributed to by, the negligent act or omissions of individuals and/or entities other than the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC.

### SEVENTH SEPARATE DEFENSE

Negligent and culpable acts or omissions of individuals and/or entities other than ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC. constitute intervening and superseding acts of negligence.

## EIGHTH SEPARATE DEFENSE

The product referred to in the plaintiffs' Second Amended Complaint, including its component parts, may have been misused and/or abnormally used at and/or before the time of the occurrence of the subject incident.

## NINTH SEPARATE DEFENSE

The injuries, damages, and/or losses allegedly sustained by the plaintiff were not proximately caused by the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC.

## TENTH SEPARATE DEFENSE

The product referred to in the plaintiffs' Second Amended Complaint, including its component parts, may have been substantially altered and/or changed after it left the possession and control of the manufacturer and/or distributor.

## ELEVENTH SEPARATE DEFENSE

The product referred to in plaintiffs' Second Amended Complaint, including its respective component parts, complied with any and all applicable industry, federal, state, and local standards and regulations, and were state of the art.

## TWELFTH SEPARATE DEFENSE

The plaintiffs may have failed to mitigate their alleged damages.

## THIRTEENTH SEPARATE DEFENSE

Any damages, losses, or injuries which the plaintiffs may have sustained were caused by the improper abnormal, unforeseeable, and unintended use of the product referred to in the plaintiffs' Second Amended Complaint, including its component parts by other persons for whom the

defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., is not responsible.

### FOURTEENTH SEPARATE DEFENSE

The plaintiffs Second Amended Complaint is barred by the Doctrine of Spoliation of Evidence.

### FIFTEENTH SEPARATE DEFENSE

The plaintiffs may be barred from maintaining their claims based upon estoppel and waiver.

### SIXTEENTH SEPARATE DEFENSE

Abnormal use, misuse, and/or failure to properly maintain, service, and/or repair the product referred to in the plaintiffs' Second Amended Complaint, including its component parts, may constitute the sole and exclusive cause of the incident and/or injuries alleged in the plaintiffs' Second Amended Complaint.

### SEVENTEENTH SEPARATE DEFENSE

The defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., generally denies each and every allegation contained in the plaintiff's Second Amended Complaint as it relates to the alleged liability of ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC.

### EIGHTEENTH SEPARATE DEFENSE

The defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., hereby reserves the right, upon consideration of its investigation and discovery, to file such additional defenses, separate defenses, counterclaims, and/or third party complaints as may be appropriate.

## NINETEENTH SEPARATE DEFENSE

The plaintiffs may have failed to timely and/or properly issue and serve the summons and Second Amended Complaint.

## TWENTIETH SEPARATE DEFENSE

The defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., did not violate any legal duty owed by it to the plaintiffs.

## TWENTY-FIRST SEPARATE DEFENSE

The defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., breached no contracts or warranties, either express or implied.

## TWENTY-SECOND SEPARATE DEFENSE

Any warranties provided speak for themselves, and the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., hereby pleads the limitations contained in said warranties and asserts that any warranties were properly limited, disclaimed, excluded, or modified.

## TWENTY-THIRD SEPARATE DEFENSE

Damages, if any, sustained by the plaintiffs are the result of plaintiff's negligence, which percentage of negligence exceeded the negligence or culpability, if any, of the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC.

## TWENTY-FOURTH SEPARATE DEFENSE

In the event that it is determined that a product designed, manufactured, and/or distributed by the defendant ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION

COMPANY, INC., was involved as alleged in plaintiffs' Second Amended Complaint, said product contained proper warnings, information, and instructions at the time it left the possession and control of the manufacturer or distributor.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiffs may have failed to provide ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC. with proper notice of any alleged defect in a timely fashion, as required by the law of express or implied warranty.

### TWENTY-SIXTH SEPARATE DEFENSE

In the event that it is determined that a product design manufactured and/or distributed by the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., was involved as alleged in plaintiffs' Second Amended Complaint, said product did not lack some element needed to make it safe for its intended or ordinary use at the time it left the possession and control of the manufacturer or distributor.

### TWENTY-SEVENTH SEPARATE DEFENSE

The product referred to in plaintiffs' Second Amended Complaint, including its component parts, may have been misused, abnormally used, abused, neglected, and/or had an authorized alteration done by a co-defendant and/or other individuals or entities for whom the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., is not responsible.

### TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiffs' Second Amended Complaint is barred by reason of sections of the Product Liability Act, including 2A:58C-2, 2A:58C-3, 2A:58C-4, and 2A:58C-5.

WHEREFORE, the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., demands judgment in its favor as against the plaintiffs on all claims and damages asserted in plaintiffs' Second Amended Complaint, together with costs of suit, attorney's fees, and any other relief deemed appropriate by this Court.

### TWENTY-NINTH SEPARATE DEFENSE

Plaintiffs' Second Amended Complaint is barred inasmuch as there is no *in personam* jurisdiction over the defendant.

### THIRTIETH SEPARATE DEFENSE

Plaintiffs' Second Amended Complaint is barred for improper and/or insufficient service of process.

### THIRTY-FIRST SEPARATE DEFENSE

Plaintiffs' Second Amended Complaint is, or may be, barred by the applicable statute of limitations or statute of repose.

### CROSSCLAIM
v.

SBLM ARCHITECTS, HUNTER ROBERTS CONSTRUCTION GROUP, CAMBRIDGE ARCHITECTURAL, MODERN ELECTRIC COMPANY, THE HOME DEPOT, DLB ASSOCIATES CONSULTING ENGINEERS; JOHN DOES; JANE DOES, ABC CORP. 1-5 and XYZ CORP 1-5 (fictitious names/entities); JOHN DOES, JANE DOES, ABC CORP 6-10 and XYZ CORP 6-10 (fictitious names/entities).

### Count One

These defendants hereby make claims under N.J.S.A 2A:53A for contribution and under the Comparative Negligence Act, N.J.S.A 2A:15-5.1 et. seq. against the above named defendants

in this cause.

### Count Two

Any liability of these defendant would be indirect, vicarious, imputed, or arise by operation of law as opposed to the direct act of liability of the above named defendants, thereby affording these defendants common law rights of indemnity.

### Count Three

By virtue of contracts and agreements the above named defendants are obligated to indemnify, defend and hold harmless these defendants.

WHEREFORE, these defendant demand judgment against the above named defendants for full indemnification/contribution, including costs, interest, and counsel fees.

### JURY DEMAND

The defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., hereby demands a trial by jury on all of the triable issues of the plaintiff's Second Amended Complaint.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, GLENN A. MONTGOMERY, ESQ., is designated as trial counsel for the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC.

### DEMAND FOR STATEMENT OF DAMAGES

The defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC., demands a written statement from plaintiff as to the

amount of damages claimed against the defendant, ANDREW MAXX INSTALLATION, a/t/a ANDREW MAXX CONSTRUCTION COMPANY, INC.

## CERTIFICATION

I, GLENN A. MONTGOMERY, ESQ., hereby certify that to the best of my knowledge, information, and belief:

1. There is no controversy associated with this matter that is extant in any other Court.

2. To this defendant's knowledge, there are no other parties, at the present time, that need to be joined in this action.

MONTGOMERY, CHAPIN & FETTEN, P.C.

By_____
Glenn A Montgomery

DATED:   October 13, 2016