UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

PETER DOUGLAS and GINGER DOUGLAS, husband and wife,

*Plaintiffs*,

v.

SBLM ARCHITECTS, et al.,

*Defendants*.

Civil Action No. 15-6436 (JMV) (JBC)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This personal injury matter arises from the electrocution of Plaintiff Peter Douglas while he was working at a Home Depot store in Jersey City, New Jersey. Plaintiffs Peter and Ginger Douglas ("Mr. Douglas" and "Mrs. Douglas") (collectively, "Plaintiffs") bring their suit against Defendants SBLM Architects ("SBLM"); Hunter Roberts Construction Group ("Hunter Roberts"); Modern Electric Company ("Modern Electric"); Home Depot U.S.A., Inc. (referred to by Plaintiffs as "The Home Depot") ("Home Depot"); DLB Associates Consulting Engineers ("DLB"); Andrew Maxx Installation a/t/a Andrew Maxx Construction Company, Inc.[1] ("Andrew Maxx"); John Does, Jane Does; ABC Corp. 1-5; and XYZ Corp. 6-10. The present matter comes before the Court on Defendant DLB's motion to dismiss Count Six of Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 33. Count Six is the only count against DLB.

---

[1] The Court notes that the parties inconsistently refer to "Andrew Maxx Installation a/t/a *Andrew* Maxx Construction Company, Inc." and "Andrew Maxx Installation a/t/a *Andres* Maxx Construction Company, Inc." (emphasis added). However, in Defendant Andrew Maxx's submissions, it refers to itself as "Andrew Maxx Installation a/t/a Andrew Maxx Construction Company, Inc." *See* D.E. 29, 41.

DLB argues that Count Six should be dismissed because Plaintiffs failed to serve an affidavit of merit as required under N.J.S.A. 2A:53A-27. Plaintiffs (D.E. 42) and Defendants Hunter Roberts (D.E. 34), SBLM (D.E. 39), Modern Electric (D.E. 40), Andrew Maxx (D.E. 41), and Home Depot (D.E. 43) oppose Defendant DLB's motion. The Court has considered the parties' submissions[2] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, the Court converts DLB's motion to dismiss into a motion for summary judgment, which is GRANTED. However, Defendant DLB remains a defendant solely as to the cross-claims brought against it by other Defendants.

## I. FACTUAL BACKGROUND[3]

On or about June 17, 2013, Plaintiff Peter Douglas was working for Defendant Home Depot at a store located at 180 12th Street, Jersey City, New Jersey 07310. SAC ¶ 10. On that day, while Mr. Douglas was operating an order picker to retrieve a water heater from a shelving unit, *id.* at ¶ 11, he was severely electrocuted, *id.* at ¶ 16. As a result of the electrocution, Plaintiffs allege that Mr. Douglas suffered permanent and severe injuries. *Id.* Mr. Douglas will require extensive treatment, care, and supervision for the rest of his life. *Id.*

---

[2] Plaintiffs' Second Amended Complaint will be referred to hereinafter as "SAC" (D.E. 18); Defendant DLB's brief in support of its motion to dismiss will be referred to hereinafter as "Def. DLB Br." (D.E. 33); Plaintiffs' brief in opposition will be referred to hereinafter as "Pl. Opp." (D.E. 42); Defendant Hunter Robert's opposition will be referred to hereinafter as "Def. Hunter Roberts Opp." (D.E. 34); Defendant SBLM's opposition will be referred to hereinafter as "Def. SBLM Opp." (D.E. 39); Defendant Modern Electric's opposition will be referred to hereinafter as "Def. Modern Electric Opp." (D.E. 40); Defendant Andrew Maxx's opposition will be referred to hereinafter as "Def. Andrew Maxx Opp." (D.E. 41); Defendant Home Depot's opposition will be referred to hereinafter as "Def. Home Depot Opp." (D.E. 43); Defendant DLB's reply will be referred to hereinafter as "Def. DLB Reply" (D.E. 47).

[3] As discussed below, on this motion, the Court applies a summary judgment standard and takes all facts and contentions in the light most favorable to Plaintiffs.

Count Six is the only count that pertains to DLB. *Id.* at ¶¶ 43-46. DLB, a subcontractor to Defendant SBLM, provided services involving the electrical systems and related electrical and construction services at the Home Depot location in or about the years 2006-2007. *Id.* at ¶ 44. Plaintiffs specifically claim that DLB's

> conduct, omissions and performance of its duties was representative of negligence, gross negligence and were in reckless disregard of a known and unreasonably dangerous condition which acts and omissions includes, but is not limited to, the following:
>
> a) Failure to reasonably and properly provide a reasonable, proper and safe *design* of The Home Depot building;
>
> b) Failure to reasonably and properly *design* the height of the interior store light fixture;
>
> c) Failure to reasonably and properly coordinate the *design* of the interior store light fixture with the height of the racking system;
>
> d) Failure to reasonably and properly investigate the racking system in order to properly *design* and designate clearance between the light fixture and the racking system;
>
> e) Failure to reasonably and properly provide clearance between the light fixture and the racking system in order to conform to applicable standards;
>
> f) Failure to reasonably and properly provide an accurate and safe building *design* to assure the safety of the Plaintiff and similarly situated employees;
>
> g) Failure to reasonably and properly provide construction related services including inspections and supervisions to assure proper clearance between the interior store lighting fixture and the racking system;
>
> h) Failure to reasonably and properly provide *adequate warnings* regarding the risk of danger for improper lighting fixture clearance.

*Id.* at ¶ 45 (emphases added). Plaintiffs state that "[a]s a direct and proximate result of [DLB's] negligence, gross negligence, recklessness and reckless disregard of a known risk representative

3

of the creation and continuation of an unreasonably dangerous condition[,]" Mr. Douglas suffered the injuries described above. *Id.* at ¶ 46. Plaintiffs request compensatory and punitive damages, as well as the costs of their suit and interest. *Id.*

## II. PROCEDURAL HISTORY

On June 11, 2015, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division. D.E. 1, Ex. A. On July 30, 2015, Plaintiffs filed an Amended Complaint. D.E. 1, Ex. B. On August 26, 2015, Defendant Home Depot removed the matter to federal court. D.E. 1. Plaintiffs then filed a Second Amended Complaint ("SAC") on September 1, 2016. D.E. 18. The SAC brings ten counts, but only Count Six is brought against Defendant DLB. Defendants Home Depot (D.E. 19), SBLM (D.E. 20, 21), Modern Electric (D.E. 22), Hunter Roberts (D.E. 23), Andrew Maxx (D.E. 24), and DLB (D.E. 30) answered and asserted various cross-claims.

On April 21, 2017, DLB filed the motion to dismiss currently before the Court. Plaintiffs, Hunter Roberts, SBLM, Modern Electric, Andrew Maxx, and Home Depot filed separate briefs in opposition. The other Defendants' oppositions to DLB indicate that even if the matter is dismissed as to Plaintiffs, they may still maintain their cross-claims against DLB. On June 9, 2017, Defendant DLB replied. D.E. 47.

## III. STANDARD OF REVIEW

As an initial matter, Plaintiffs contend that the summary judgment standard applies to DLB's motion to dismiss. Pl. Opp. at 8. (citing *Murphy v. New Rd. Const.*, 378 N.J. Super. 238 (App. Div. 2005)). Generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "However, an exception to the general rule is that a document integral to or

4

explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (internal quotations, citations, and brackets omitted).

Here the Court must look at facts beyond those included or referred to in Plaintiffs' Second Amended Complaint. DLB refers to outside exhibits in its motion papers, *see* Def. DLB Br. at 14; Def. DLB Reply at 3, 4, 8, and included a Statement of Material Facts relying on outside exhibits within its motion, Def. DLB Br. at 3-6, and included a response to Plaintiffs' Counterstatement of Facts in its Reply, Def. DLB Reply at 1-2. In order to rule on the affidavit of merit issue, the Court must consider these documents. As the Third Circuit explained:

> That the affidavit is not a pleading requirement counsels that a defendant seeking to "dismiss" an action based on the plaintiff's failure to file a timely affidavit *should file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6)*. Though the AOM Statute directs courts to dismiss actions in which a timely affidavit has not been filed for "failure to state a claim," because the affidavit is not a pleading requirement, this language merely provides that the consequences of not filing a timely affidavit are the same as failing to state a claim. *Indeed, because the affidavit is not part of the pleadings, dismissing an action based on the lack of an affidavit necessarily seems to involve matters outside the pleadings, which would require a court to consider a motion to dismiss for failure to state a claim as a motion for summary judgment, as provided by Rule 12(d).*

*Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 304 (3d Cir. 2012) (emphases added). The Court will accordingly convert DLB's motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Frontier Dev. LLC v. Craig Test Boring Co.*, No. 16-778, 2017 WL 4082676, at *3 (D.N.J. Sept. 15, 2017) (converting a motion to dismiss based on failure to file an affidavit of merit

into a motion for summary judgment), *appeal dismissed*, No. 17-3234, 2018 WL 1773106 (3d Cir. Jan. 3, 2018); *Estate of Lewis v. Cumberland Cty.*, No. 16-3503, 2018 WL 1317853, at *3 (D.N.J. Mar. 14, 2018) (recognizing that under *Nuveen*, allegations of a failure to file an affidavit of merit are subject to a summary judgment standard). For these reasons, the Court will apply a summary judgment standard to DLB's motion to dismiss.

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). In other words, a court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts

showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

## IV. ANALYSIS

DLB argues that Count Six should be dismissed on two inter-related grounds: (1) Plaintiffs failed to serve an affidavit of merit pursuant to N.J.S.A. 2A:53A-27 (the "AOM Statute") and (2) Plaintiffs fail to state a claim because they did not meet the statutory threshold imposed on professional negligence and/or malpractice cases pursuant to the AOM statute. Plaintiffs respond that (1) the AOM Statute is not applicable, (2) DLB's failure to comply with discovery effectively tolls the AOM Statute, (3) Plaintiffs effectively complied with the AOM Statute because they served an affidavit of merit on SBLM, and that (4) in the alternative, extraordinary circumstances are present.

### a. The AOM Statute

N.J.S.A. 2A:53A-27 provides in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the

7

answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

. . . [T]he person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

N.J.S.A. 2A:53A-28 provides as follows:

An affidavit shall not be required . . . if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.

"The stated purpose of the AOM statute . . . is laudatory—to weed out frivolous claims against licensed professionals early in the litigation process." *Meehan v. Antonellis*, 226 N.J. 216, 228 (N.J. 2016) (citation omitted). As required by the AOM Statute, "[t]he submission of an appropriate affidavit of merit is considered an element of the claim" and "[f]ailure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice." *Id.* If a plaintiff "fails to provide an affidavit or a statement in lieu thereof . . . it shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29.

"Under the statute, an affidavit should be filed within sixty days of the filing of the answer. . . . However, if provided within sixty-one to 120 days after the answer is filed, the affidavit will be deemed timely so long as (1) leave to file is sought and (2) good cause is established." *Paragon Contractors, Inc. v. Peachtree Condo. Ass'n*, 202 N.J. 415, 422 (N.J. 2010) (citing *Burns v. Belafsky*, 166 N.J. 466, 475–77 (N.J. 2001)). If the delay is due to counsel's inattention, then the timing becomes critical:

> Attorney inadvertence is considered good cause within that sixty-one to 120–day period. . . . Neglecting to provide an affidavit of merit after the expiration of 120 days has different consequences and generally requires dismissal with prejudice because the absence of an affidavit of merit strikes at the heart of the cause of action.

*Paragon Contractors*, 202 N.J. at 422 (citing *Cornblatt*, 153 N.J. at 247).

The AOM Statute provides that various professionals, including architects, N.J.S.A. 45:3-1 to -46, and engineers, pursuant to N.J.S.A. 45:8-27 to -60, are "licensed persons" under the statute. N.J.S.A. 2A:53A-26. When a licensed professional covered under the AOM Statute is sued based on a deviation from the standard of care applicable to that professional field, the AOM Statute's requirements apply. *Hill Int'l, Inc. v. Atl. City Bd. of Educ.*, 438 N.J. Super. 562, 571 (App. Div. 2014).

As an initial matter, the parties do not dispute that Plaintiffs did not serve Defendant DLB with an affidavit of merit in either the 60-day or 120-day periods. The issues in this motion center on whether the AOM Statute applies to Plaintiffs' claims against DLB, and, if so, whether Plaintiffs' non-compliance with the AOM Statute should be excused.

### b. The AOM Statute Applies to Plaintiffs' Claims Against Defendant DLB

Plaintiffs initially argue that the AOM Statute does not apply to DLB so they did not have serve an affidavit of merit. In analyzing whether the AOM Statute applies, the Supreme Court of New Jersey has indicated that

> [t]here are three elements to consider when analyzing whether the statute applies to a particular claim: (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint [ ] fell outside acceptable professional or occupational standards or treatment practices" (standard of care).

*Couri v. Gardner*, 173 N.J. 328, 334 (N.J. 2002) (citing N.J.S.A. 2A:53A-27). Critically, courts do not consider the label placed on the cause of action but instead look to the "nature of the legal inquiry." *Id.* at 340. ("[W]hen presented with a tort or contract claim asserted against a professional specified in the statute, rather than focusing on whether the claim is denominated as tort or contract, attorneys and courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession.").

DLB is an electrical engineering firm, and they subcontracted with SBLM to provide electrical engineering services. The SAC's allegations require that Plaintiffs prove that DLB deviated from a standard of professional care. Count Six clearly focuses on design defects and a failure to warn. SAC ¶ 45. The allegations require Plaintiffs to use an expert to explain how Defendant DLB deviated from the professional standards of care applicable to their work, that is, electrical engineering. *See Couri*, 173 N.J. at 340 (clarifying that the AOM Statute applies to cases in which a plaintiff claims a deviation from a *professional standard of care*, and does not apply in

10

tort cases brought against a licensed professional that allege ordinary, non-malpractice, negligence); *see also Davis v. Pine Acres Convalescent Ctr.*, No. A-2148-14T2, 2015 WL 6113143, at *2 (App. Div. Oct. 19, 2015) ("Expert testimony about an alleged deviation from a reasonable standard of care is required whenever a licensed person exercised professional responsibilities and judgment before acting or failing to act." (citing *Aster v. Shoreline Behavioral Health*, 346 N.J. Super. 536, 542 n.4 (App. Div. 2002))).

Plaintiffs' assert that the common knowledge exception applies. Pl. Opp. at 6. ("An expert is not needed, nor is an affidavit merit [sic] required, upon general construction and field services which are within the common knowledge and ordinary experience and understanding of a jury."). "The common knowledge doctrine applies where jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of specialized knowledge of experts." *Mora v. U.S., Dep't of Homeland Sec. Immigration & Customs Enf't*, No. 11-3321, 2013 WL 5180041, at *7 (D.N.J. Sept. 13, 2013) (citing *Hubbard v. Reed*, 168 N.J. 387, 774 A.2d 495, 499 (N.J.2001)). In such cases, an affidavit of merit is not required. Nevertheless, the New Jersey Supreme Court has indicated that the exception is to be construed "narrowly[.]" *Hubbard*, 168 N.J. at 397. In fact, "the case history shows that it has only been applied in exceptionally obvious cases of medical malpractice," *McBride v. Cty. of Atl., N.J.*, No. 10-2773, 2011 WL 3236212, at *4 (D.N.J. July 28, 2011). Thus, for example, if a dentist extracted the wrong tooth or a surgeon operated on the wrong body party, the common knowledge exception would apply.

Plaintiffs argue that their claim against DLB pertains to "general construction-type issues which does [sic] not require an affidavit of merit." Pl. Opp. at 4, 9. Because the SAC is a relatively bare-bones pleading, devoid of specific factual allegations as to the alleged wrongdoing, and

because the Court is reviewing this matter pursuant to the summary judgment standard, the Court reviewed whether Plaintiffs provide any facts to support their argument. Plaintiffs do not. Instead, they merely state in conclusory fashion that their claim concerns "general construction-type issues," which is insufficient to create a genuine issue of material fact as to the common knowledge exception. Plaintiffs' claim clearly necessitates expert testimony on the relevant industry standard.

Plaintiffs also point the Court to the overlapping duties included in the subcontract between DLB and SBLM in support of their argument that an affidavit of merit is not necessary. There are numerous issues with Plaintiff's assertion. As noted, in determining whether the AOM Statute applies, a reviewing court must look to the actual nature of the action. In other words, Plaintiffs' specific claims against DLB determine whether the AOM Statute applies – not the terms of the subcontract between DLB and SBLM. As discussed above, Plaintiffs' claims against DLB are based on breaches of professional standards of care. Even if the Court were to consider the contents of the subcontract, it describes the "HVAC, Electrical and Plumbing (MEP) Engineering Services" that DLB was to provide. D.E. 33-2, Ex. B, C, D. For example, DLB was to provide was an "[i]ndustry standard drawing presentation for electrical management." D.E. 33-2, Ex. D at 5. Moreover, Plaintiffs *did* serve an affidavit of merit on SBLM, which directly contradicts Plaintiffs' argument that they did not need to produce one vis-à-vis DLB because of its subcontract with SBLM. Plaintiffs similarly argue that an affidavit of merit is not required because the subcontract included "construction field services," such as administration. Pl. Opp. at 5. Count Six of the SAC, however, does not allege negligent administrative action. Any alleged deviations from the standard of care applicable to pertinent allegations would require an expert.

Accordingly, the Court finds that the AOM Statute applies to Plaintiffs' claims against Defendant DLB because they are based in professional negligence and require a showing of deviation from a professional standard of care.

### c. Incomplete Discovery

Plaintiffs contend that even if the AOM Statute applies to Defendant DLB, their non-compliance should be excused because DLB withheld discovery. Plaintiffs argue that Defendant DLB "not only failed to timely provide records and answers to discovery to allow for Plaintiff's [sic] timely filing of an affidavit of merit, but also is in violation of the rules of court and direct Court Orders," Pl. Opp. at 10, and that this conduct led to their non-compliance with the AOM Statute. Defendant DLB responds that Plaintiffs received "nearly 2,000 pages of documents encompassing the entirety of [DLB's] project file" and that Plaintiffs were "in possession of all relevant documents it would need in the preparation of an affidavit of merit." Def. DLB Reply at 6. DLB's production was pursuant to its Federal Rule of Procedure 26 obligations, and it was provided to Plaintiffs before the 120-day affidavit of merit period expired. Plaintiffs also admit that they had previously received documents from SBLM, which would presumably include SBLM's documents as to DLB. Plaintiffs do not explain what additional information they gained from DLB's production.

Plaintiffs cite to *Aster ex rel. Garofalo v. Shoreline Behavioral Health*, 346 N.J. Super. 536 (App. Div. 2002) to support their position. In *Aster*, a defendant failed to produce medical records after multiple requests by the plaintiff. The court found that the "end result of [defendant's] non-production was the lack of medical records and the lack of an affidavit of merit." *Id.* at 543. However, the facts in *Aster* are inapposite to the facts in this case because the *Aster* plaintiff had already applied to the trial court for leave to file a sworn statement in lieu of an affidavit of merit

pursuant to N.J.S.A. 2A:53-28. N.J.S.A. 2A:53-28, which is set forth above, allows a plaintiff to file a sworn statement in lieu of an affidavit of merit if the plaintiff has not received requested documents within 45 days of the request for discovery. Pursuant to the statute, the plaintiff must show that the "records or information . . . [has] a substantial bearing on preparation of the affidavit." *Id.*

Here, Plaintiffs do not claim to have ever filed, or even requested leave to file, a sworn statement in lieu of the affidavit of merit. Nor did Plaintiffs seek the Court's intervention as to DLB's production of documents. Instead, Plaintiffs request that the Court "consider the Plaintiff's [sic] filing of a notice of a First Request for Interrogatories and Request for Production of Documents, which have not been the subject to any response by [DLB] as substantial compliance with [the AOM Statute]." Pl. Opp. at 12. The Court finds that Plaintiffs' receipt of almost 2,000 documents, including DLB's entire project file, should have been a sufficient basis for Plaintiffs to file, in the least, a sworn statement pursuant to N.J.S.A. 2A:53-28. Critically, Plaintiffs fail to provide an analysis as to why they could not have done so. Moreover, DLB's production does take into account SBLM's earlier production to Plaintiffs.

Therefore, the Court finds that Defendant DLB's failure to respond to Plaintiff's interrogatories and document demand did not have a "substantial bearing" on Plaintiffs' potential preparation of an affidavit of merit in this case. Because Plaintiffs did not file an affidavit of merit, they were required to request leave to file a sworn statement in lieu of an affidavit of merit pursuant to N.J.S.A. 2A:53-28. Plaintiffs did not do so.

### d. The Exceptions to the AOM Statute Do Not Apply

Plaintiffs also claim two exceptions to the AOM Statute apply: substantial compliance and extraordinary circumstances. "[A] complaint will not be dismissed if the plaintiff *substantially*

*complied* with the affidavit of merit obligations," and "a complaint will be dismissed without prejudice if the plaintiff can demonstrate *extraordinary circumstances* that prevented compliance." *Meehan*, 226 N.J. at 229 (emphases added).

### i. The Substantial Compliance Exception Does Not Apply

Plaintiffs claim that they substantially complied with the AOM Statute because it served an affidavit of merit on SBLM. Plaintiffs argue that because SBLM's subcontract with DLB involves overlapping and duplicate services, the service of an affidavit on SBLM should be considered substantial compliance.[4]

The New Jersey Supreme Court has articulated a five-part test to determine whether the AOM Statute's exception for substantial compliance applies:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim[;] and (5) a reasonable explanation why there was not a strict compliance with the statute.

*Nuveen*, 692 F.3d 283, 306 (3d Cir. 2012) (citing *Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341 (N.J. 2001) (quoting *Bernstein v. Bd. of Trs. of Teachers' Pension & Annuity Fund*, 151 N.J.Super. 71 (App. Div.1977))). Determining "substantial compliance requires a fact-sensitive analysis involving the assessment of all of the idiosyncratic details of a case to determine whether 'reasonable effectuation of the statute's purpose'" has occurred. *Galik*, 167 N.J. at 356 (quoting *Alan J. Cornblatt, P.A. v. Barow*, 153 N.J. 218, 240 (N.J. 1998)).

---

[4] The fact that Plaintiffs served an affidavit of merit on SBLM also undercuts their threshold argument that they did not have to serve one on DLB. Plaintiffs do not contest that an affidavit was required for their claims against SBLM. Rather, Plaintiffs now argue that the duties of DLB and SBLM were so similar that they did not have to also serve an affidavit on DLB because SBLM was already served. However, Plaintiffs first asserted that an affidavit did not apply to the scope of DLB's duties – the duties Plaintiffs now argue are similar to the duties of SBLM.

15

In *Galik*, the New Jersey Supreme Court held that there had been substantial compliance with the AOM Statute when a plaintiff served unsworn expert reports upon defendants eight months before plaintiff filed its complaint. 167 N.J. at 351-59. The Supreme Court similarly held that a plaintiff had substantially complied with the AOM Statute when the defendant was served with an affidavit that did not name the defendant, but the defendant was already on notice of the suit against him due to the plaintiff's expert report. *Fink v. Thompson*, 167 N.J. 551, 564–65 (N.J. 2001). Here, Plaintiffs bring forth no information that allows the Court to conclude that they substantially complied with the AOM Statute. The fact that Plaintiffs served SBLM does not support a finding of substantial compliance. Plaintiffs were required to serve DLB separately with an affidavit addressing DLB's area of expertise. SBLM and DLB are in different fields. SBLM is an architectural firm, while DLB is in the electrical engineering field. *See* N.J.S.A. 2A:53A-27 (requiring the affidavit "of an appropriate licensed person")). Plaintiffs were required to serve DLB separately. Accordingly, the substantial compliance exception does not apply.

### ii. The Extraordinary Circumstances Exception Does Not Apply

Lastly, Plaintiffs claim that the facts and circumstances of this case demonstrate extraordinary circumstances that weigh against strict enforcement of the AOM Statute. Plaintiffs argue that "the failure of the Defendant to produce fundamental records and discovery, violations of Case Management Orders and Rules of Discovery, untimely Rule 26 filings, together with Plaintiff's [sic] briefing regarding substantial compliance, are compelling facts and reasons underlying the extraordinary circumstances exception." Pl. Opp. at 17.

Where a plaintiff cannot establish substantial compliance with the AOM Statute, the New Jersey Supreme Court has held that dismissal of the plaintiff's complaint should be with prejudice *in all but extraordinary circumstances.*" *Nuveen*, 692 F.3d at 308 (emphasis added) (citing

16

*Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 150 (N.J. 2003)). The analysis into extraordinary circumstances is fact-specific. *Nuveen*, 692 F.3d at 308. If a court finds extraordinary circumstances, the complaint shall be dismissed *without* prejudice. *Id.* While the New Jersey Supreme Court is "yet to define the full scope of extraordinary circumstances as an equitable remedy for failure to comply with the [AOM Statute,]" *Ferreira*, 178 N.J. at 152, courts have been wary to find extraordinary circumstances. For example, the Appellate Division summarized that "[a]n attorney's carelessness, lack of circumspection, lack of diligence, or ignorance of the law does not constitute 'extraordinary circumstances.'" *Stoecker v. Echevarria*, 408 N.J. Super. 597, 612 (App. Div. 2009) (internal quotation omitted) (citing cases). Here, Plaintiffs have not identified any extraordinary circumstances warranting an exception from the AOM Statute.[5]

### e. The Cross-Claims Against DLRB Remain

Although the Court dismisses Count Six against DLB with prejudice, DLB nevertheless must remain a Defendant because of the cross-claims filed by other Defendants against DLB. D.E. 19, 21, 22, 23, 24. The dismissal of Count Six does not bar the other defendants from seeking contribution from DLB. *Burt v. W. Jersey Health Sys.*, 339 N.J. Super. 296, 305 (App. Div. 2001) ("Simply put, [the AOM Statute], by its very terms, applies to plaintiffs, not cross-claimants."); *see also Diocese of Metuchen v. Prisco & Edwards*, AIA, 374 N.J. Super. 409, 418 (App. Div.

---

[5] Plaintiffs also argue that (1) DLB did not provide any notification to Plaintiffs about the lack of an affidavit of merit and that (2) no *Ferreira* conference was held. Pl. Opp. at 17. However, the New Jersey Supreme Court has cautioned that "litigants should understand that . . . reliance on the scheduling of a *Ferreira* conference to avoid the strictures of the Affidavit of Merit statute is entirely unwarranted and will not serve to toll the statutory time frames." *Paragon*, 202 N.J. at 426. It was not DLB's responsibility to alert Plaintiffs that they needed to serve an affidavit of merit. *See id.* at 424 ("Our clear purpose was to help attorneys and litigants to avoid the dismissal of meritorious claims. However, it is equally true that parties are presumed to know the law and are obliged to follow it.").

2005) ("We therefore conclude that where a defendant subject to the Affidavit of Merit statute asserts a third-party claim in the nature of contribution or joint tortfeasor liability as against another professional also subject to the statute, no Affidavit of Merit is required."). Therefore, while Plaintiffs' claims against DLB are dismissed with prejudice, the cross-claims against DLB remain.

## V. CONCLUSION

In sum, Defendant DLB's motion to dismiss Count Six (D.E. 33) is converted to a motion for summary judgment, which is **GRANTED**. Nevertheless, the other Defendants' cross-claims against DLB remain. An appropriate Order accompanies this Opinion.

**Date:** April 26, 2018

                                                  John Michael Vazquez, U.S.D.J.